SLIP OPINION



Cite as 2014 Ark. App. 293

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-13-716

| | |
|---|---|
| | **Opinion Delivered** May 7, 2014 |
| TERRY WASHINGTON | |
| APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT |
| V. | [NO. JV-12-61] |
| | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN | HONORABLE BARBARA HALSEY, JUDGE |
| APPELLEES | AFFIRMED; MOTION GRANTED |

**KENNETH S. HIXSON, Judge**

This is the second time that appellant Terry Washington's appeal has been presented to us in this termination-of-parental-rights case. Mr. Washington's parental rights were terminated in a June 2013 order of the Craighead County Circuit Court regarding his then-three-year-old son, TW, born in March 2010. TW's biological mother, Tassie Anthony, had her parental rights terminated to both TW and his younger half-sister, and Anthony's merit-based appeal was affirmed in *Anthony v. Arkansas Department of Human Services.*, 2013 Ark. App. 556, handed down on October 2, 2013.[1] In the first appeal, Washington's attorney submitted a no-merit brief and a motion to be relieved from representation pursuant to

---

[1]In short, Ms. Anthony abused illegal drugs and was in and out of jail, with no steady job, income, or stable housing. She was, by her own admission, unavailable for the first six months, and she was uncooperative and partially unavailable for the last six months of the year-long DHS case.

SLIP OPINION

*Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004). We denied his attorney's motion to be relieved and ordered that his attorney prepare another brief because the attorney failed to comply with the mandates of Ark. Sup. Ct. R. 6-9(i) (2013) and *Linker-Flores*. *See Washington v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 13.

Washington's counsel has rebriefed the appeal and again asserts that after a thorough review of the record, there is no issue of arguable merit to raise on appeal and that he should be permitted to withdraw as counsel. The no-merit brief purports to explain each adverse ruling and why none would support a meritorious argument for reversal. The clerk of our court attempted to provide Washington with a copy of his counsel's brief and motion and to inform him of his right to file pro se points for reversal. The certified mailing was returned as undeliverable.[2] Neither the Department of Human Services nor the child's attorney ad litem filed a responsive brief. Having reviewed this appeal under the proper standards, we hold that an appeal of this termination order would be frivolous or wholly without merit. *See Fredrick v. Ark. Dep't of Human Servs.*, 2009 Ark. App. 652. We, therefore, affirm the termination of Washington's parental rights and grant counsel's motion to be relieved.

We review termination of parental rights cases de novo. *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001). At least one statutory ground must exist, in addition to a finding that it is the child's best interest to terminate parental rights; these must be proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341 (Supp. 2011);

---

[2]The clerk of our court mailed the materials to Washington where he was incarcerated, but the clerk was advised that Washington was no longer housed at the prison.

*M.T. v. Ark. Dep't of Human Servs.*, 58 Ark. App. 302, 952 S.W.2d 177 (1997). Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Anderson v. Douglas*, 310 Ark. 633, 839 S.W.2d 196 (1992). The appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997). Credibility determinations are left to the fact finder, here the trial court. *Moiser v. Ark. Dep't of Human Servs.*, 95 Ark. App. 32, 233 S.W.3d 172 (2006).

The purpose of the Juvenile Code is to provide permanency and stability in a child's life when it is not possible to return the child to the parent in a reasonable period of time as viewed from the juvenile's perspective. Ark. Code Ann. § 9-27-341(a)(3). Even full compliance with the case plan is not determinative; the issue is whether the parent has become a stable, safe parent able to care for his or her child. *Compare Camarillo-Cox v. Ark. Dep't of Human Servs.*, 360 Ark. 340, 201 S.W.3d 391 (2005); *Cole v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 203, 394 S.W.3d 318; *Tucker v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 430, 389 S.W.3d 1. A parent's past behavior is often a good indicator of future behavior. *Stephens v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 249, __ S.W.3d. __.

As noted in our previous opinion, in early March 2012, the Craighead County Circuit Court entered an ex parte order for emergency custody of TW, following his half-sibling's birth in February 2012 and their mother's positive test for drugs. TW was ordered to be placed in DHS custody, but the mother refused to relinquish custody of him. The children

3

were adjudicated dependent–neglected in April 2012 due to parental unfitness. DHS filed a motion to terminate both the mother's and Washington's parental rights to the children in June 2012.

The June 2012 petition alleged two grounds regarding Washington: (1) that "other issues or factors" arose after the case was filed showing that despite the provision of appropriate services, Washington was incapable or indifferent to remedying the subsequent issues or factors or rehabilitate his circumstances, preventing him from regaining custody of TW under Arkansas Code Annotated section 9-27-341(b)(3)(B)(vii)*(a)*; and (2) that Washington had been sentenced in a criminal proceeding to a period of time that would constitute a substantial period of TW's life under Arkansas Code Annotated section 9-27-341(b)(3)(B)(viii). In August 2012, the mother relinquished custody of her son to DHS. Her parental rights were terminated after a hearing in January 2013. *See Anthony*, *supra*. Washington, who had been in jail since October 2012, did not seek to formally establish paternity with regard to TW until February 2013.

At the termination hearing in April 2013, Washington complained that DHS failed to include him in the case plan and failed to offer him appropriate reunification services. He said he watched the "The Clock is Ticking" video, attended three parenting classes, passed one drug screen, and attended visits with TW, although he was just a "tag along" with the biological mother.

The trial judge found that TW was adoptable based on the testimony of DHS caseworkers that TW and his half-sibling had been in the same foster home for months and

were likely to be adopted by the same family. The trial judge also made a best-interest finding, addressing the potential harm of returning TW to appellant, who could not take custody of his son at that time because he was in jail.

The trial judge took note of the uncontradicted evidence that Washington was incarcerated from October 2011 to April 2012, was at liberty for a few months, and then was incarcerated ever since October 2012. The trial judge also noted that Washington appeared at this hearing in "prison garb and shackles" with no verification of when he might be released, although he believed he would be released in October 2013. The trial court was not impressed with Washington's asserted plan to live with his mother upon release from jail; his mother did not corroborate that plan. The trial court found that Washington lacked any income, lacked any suitable home, and had not resolved his criminal issues. The trial court found that DHS proved both grounds it alleged. Proof of only one ground is required to support termination of parental rights. *Hughes v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 526.

Counsel addresses two evidentiary rulings that were adverse to Washington, both of them concerning relevance. Counsel discusses why there is no viability to Washington's complaint about DHS failing to adequately provide him reunification services—in short, Washington's incarceration at the beginning and end of this case effectively prevented any benefit from the services to which he had access. Counsel reasserts that Washington's incarceration constituted a substantial period of then-three-year-old TW's life. It is apparent

SLIP OPINION

that the trial court's decision to terminate Washington's parental rights is not clearly erroneous, an appeal would be wholly frivolous, and we affirm.

Affirmed; motion granted.

GLADWIN, C.J., and GLOVER, J., agree.

*Thomas Wilson*, for appellant.

No response.