SLIP OPINION

Cite as 2014 Ark. App. 335

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-14-131

| | |
|---|---|
| TASHA DONLEY<br><br>APPELLANT<br><br>V.<br><br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES and MINOR<br>CHILD<br><br>APPELLEES | **Opinion Delivered** May 28, 2014<br><br>APPEAL FROM THE DREW<br>COUNTY CIRCUIT COURT<br>[NO. JV2011-191-5]<br><br>HONORABLE TERESA FRENCH,<br>JUDGE<br><br>AFFIRMED |

### DAVID M. GLOVER, Judge

The Drew County Circuit Court terminated the parental rights of appellant, Tasha Donley, to her daughter, B.D., who was born on November 30, 2010. Donley now appeals, making the very narrow argument that the trial court's denial of placement of B.D. with Donley's sister was in error because it offered a less restrictive alternative to termination of her parental rights, which, in turn, rendered the trial court's ultimate decision to terminate her parental rights erroneous. We affirm the termination of Donley's parental rights.

Termination of parental rights is an extreme remedy and in derogation of the natural rights of the parents. *King v. Arkansas Dep't of Human Servs.*, 2014 Ark. App. 278. However, courts are not to enforce parental rights to the detriment or destruction of the health and well-being of a child. *Id.* Termination-of-parental-rights cases are reviewed de novo. *Washington v. Arkansas Dep't of Human Servs.*, 2014 Ark. App. 293. At least one statutory ground for

SLIP OPINION

termination must exist, in addition to a finding that it is in the child's best interest for parental rights to be terminated. *Id.* "Best interest" includes consideration of the likelihood that the juvenile will be adopted and the potential harm caused by returning custody of the juvenile to the parent; after considering all of the factors, the evidence must be clear and convincing that the termination is in the best interest of the juvenile. *Smith v. Arkansas Dep't of Human Servs.*, 2013 Ark. App. 753, ___ S.W.3d ___. Clear and convincing evidence is that degree of proof that will produce in the finder of fact a firm conviction as to the allegation sought to be established. *Washington, supra.* The appellate inquiry is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous, giving due deference to the circuit court's opportunity to judge the credibility of the witnesses. *Smith, supra.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the entire evidence, is left with a definite and firm conviction that a mistake has been made. *Smith, supra.*

Donley makes no argument with regard to the sufficiency of the evidence to support the termination of her parental rights. Rather, her sole point on appeal is that the trial court erred by not placing B.D. with Donley's sister, who had custody of B.D.'s younger sibling,[1] instead of terminating her [Donley's] parental rights. Donley argues that Arkansas Code Annotated sections 9-27-355(b)(1) (Supp. 2013)[2] and 9-28-105 (Supp. 2013)[3] provide that

---

[1]This child was born while Donley was incarcerated during the pendency of this case.

[2]This statutory section provides, "A relative of a juvenile placed in the custody of the Department of Human Services shall be given preferential consideration for placement if the relative caregiver meets all relevant child protection standards and it is in the best interest of

SLIP OPINION

a relative of the juvenile shall be given preferential treatment provided that the relative meets all relevant child-protection standards and it is in the best interest of the juvenile to be placed with the relative.

We have previously addressed this specific argument. In *Ogden v. Arkansas Department of Human Services*, 2012 Ark. App. 577, appellants argued that the termination of their parental rights was clearly erroneous because their child should have been placed with the father's mother; they further argued that the termination-of-parental-rights statute should be read in conjunction with other statutory provisions of the juvenile code, specifically sections 9-27-355(b)(1) and 9-28-105. This court rejected this argument, holding as follows:

> Arkansas Code Annotated sections 9-27-355(b)(1) and 9-28-105, which concern the placement of juveniles by DHS, both state that a relative of the juvenile shall be given preferential consideration for placement if the relative meets all relevant child protection standards and it is in the best interest of the juvenile to be placed with them. However, section 9-27-341 [the termination-of-parental-rights statute] does not contain any such requirement, and this court has held that section 9-27-355 is not relevant to a request for TPR. By the same reasoning, neither is section 9-28-105.

2012 Ark. App. 577, at 5. *See also Henderson v. Arkansas Dep't of Human Servs.*, 2012 Ark. App. 430; *Davis v. Arkansas Dep't of Human Servs.*, 2010 Ark. App. 469, 375 S.W.3d 721 (holding that the statutory provision applies only to initial placement and not to placement

---

the juvenile to be placed with the relative caregiver."

[3]This statute states:
In all custodial placements by the Department of Human Services in foster care or adoption, preferential consideration shall be given to an adult relative over a nonrelated caregiver, if:
    (1) The relative caregiver meets all relevant child protection standards; and
    (2) It is in the best interest of the child to be placed with the relative caregiver.

when termination of parental rights has been requested).

Donley cites all three of these cases in her brief and acknowledges the holdings; however, she implores our court to reconsider our holdings in those cases "given the unique facts of this case." We do not find these facts unique. The provision for preferential consideration of relative placement is not found in the termination statute, and this court has held that that preference is not relevant when considering termination of parental rights.

Affirmed.

GRUBER and WHITEAKER, JJ., agree.

*Didi Sallings*, Arkansas Public Defender Commission, for appellant.

*Tabitha Baertels McNulty*, DHS Office of Policy and Legal Services; and *Chrestman Group, PLLC*, by: *Keith Chrestman*, for appellees.