SLIP OPINION

Cite as 2015 Ark. App. 425

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-15-52

| | |
|---|---|
| | **Opinion Delivered** August 26, 2015 |
| JENNIFER BROWN <br> APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. JV-2014-631] |
| V. | HONORABLE VICKI SHAW COOK, JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILD <br> APPELLEES | MOTION TO WITHDRAW DENIED; REBRIEFING AS A MERIT APPEAL ORDERED |

**PHILLIP T. WHITEAKER, Judge**

The Appellant, Jennifer Brown, is the mother to daughter, S.B. She appeals the Garland County Circuit Court's order terminating her parental rights. Her attorney has filed a motion to be relieved from representation and a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court and Court of Appeals Rule 6-9(i), explaining that the adverse rulings from the termination hearing present no nonfrivolous grounds for appeal. However, following our review of the record in this case, we are not convinced that the appeal would be so wholly without merit as to satisfy the requirements of *Linker-Flores*, *supra*, and Rule 6-9(i). We therefore deny the motion to withdraw and order rebriefing in merit format.

The following facts concerning the child's removal and the court proceedings are relevant to our determination. On September 4, 2014, the Department of Human Services (DHS) received a hotline referral alleging that the appellant was using methamphetamine while caring for eight-month-old S.B. A family service worker conducted a home assessment and confirmed drug usage[1] in the presence of the child. Instead of removing the child, the family service worker developed a protection plan allowing the child to remain with the appellant, provided that she not use drugs unless they were prescribed to her.

The next day, the appellant contacted DHS requesting help. The appellant informed the family service worker that she was concerned for S.B.'s safety because S.B.'s homeless and drug-addicted father, Frederick Brown, had taken the child from the home with nothing but a bottle and the clothes and diaper the child was wearing. The family service worker located Mr. Brown and the child at his sister's house. He tested positive for methamphetamine, amphetamine, cocaine, and THC. At that time, the family service worker removed the child and instituted a seventy-two-hour hold.

After the child had been removed, the family service worker obtained additional information on the appellant, including her social security number. A subsequent CHRIS check revealed that appellant had a history with DHS, including an involuntary termination of another child.

An ex parte order for emergency custody was entered on September 9, 2014, and counsel was appointed. A probable-cause order was entered the next day. The only services

---

[1] Brown tested positive for methamphetamine, amphetamine, and benzodiazepine. Brown produced a prescription for the amphetamine.

ordered at that time were directed at the father, Frederick Brown. No services were offered to the appellant-mother, except supervised visitation with the child.

On September 11, 2014—less than one week after removal—DHS filed a petition to terminate the appellant's parental rights. As the grounds for termination, DHS alleged that, in September 2009, her parental rights to one of S.B.'s siblings had been involuntarily terminated. DHS did not seek to terminate the parental rights of Frederick Brown at that time.

The adjudication and termination hearings were held simultaneously on October 23, 2014. At the hearing, counsel for appellant attempted to introduce evidence that S.B. was not born with drugs in her system in contrast to the children for whom appellant's previous rights had been terminated. The trial court denied admission of such evidence, determining that such evidence was not relevant, and then prevented counsel from completing a proffer of that evidence upon further objection by DHS.

The trial court adjudicated the child dependent–neglected and ultimately found that termination was in the best interest of the child. Separate orders of adjudication and for termination of parental rights were entered on October 28, 2014.

Based on this record, we are not convinced that the appeal would be so wholly without merit as to satisfy the requirements of *Linker-Flores*, *supra*, and Rule 6-9(i). This case involved an expedited termination of parental rights[2] without the provision of any reunification services to the appellant-mother. However, the behavior of both parents

---

[2] The termination hearing was held just forty-eight days after the child's removal, and the termination order was entered only fifty-three days after removal.

3

contributed to the removal of the child, including the drug usage of both. Admittedly, the appellant has a previous history with DHS not shared by the father, but she was in compliance with DHS directives both before the removal and prior to the termination. Given these facts, a nonfrivolous argument could be made that termination of the mother's parental rights was not immediately necessary to provide the child with permanency and that the appellant's actions did not require such a swift and irrevocable break of the parental relationship in order to prevent harm to this child.

We also find that a nonfrivolous argument could be made that the trial court's rulings on DHS's relevancy objections were in error or that the trial court's prevention of the proffer was in error. DHS was relying on its past history with the appellant to make the case that termination was in this child's best interest, and this evidence was received by the court as relevant. However, when appellant attempted to rebut that argument by highlighting the differences between this case and her previous cases, the trial court held that this information was not relevant. A nonfrivolous argument could be made that evidence of the parent's history with the particular child at issue in the termination is actually relevant to whether the parent's parental rights to that particular child should be terminated.

Our recitation of these potential issues does not dictate how counsel should structure a merit brief, the extent or nature of the arguments that should be made, or whether any procedural bar or other evidentiary items may exist to defeat them; nor does it guarantee any appellate outcome. The factors merely demonstrate why we were not able to conclude that

an appeal in this case would be so wholly without merit as to subject counsel to possible ethical repercussions for filing a frivolous appeal.

Motion to withdraw denied; rebriefing as a merit appeal ordered.

VAUGHT and HIXSON, JJ., agree.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, for appellant.

No response.