

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-16-288

<table>
<tr><td></td><td>**Opinion Delivered** AUGUST 31, 2016</td></tr>
<tr><td>HAILEY KING</td><td>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. J-2015-398]</td></tr>
<tr><td style="text-align:right">APPELLANT</td><td></td></tr>
<tr><td>V.</td><td>HONORABLE THOMAS E. SMITH, JUDGE</td></tr>
<tr><td>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD</td><td>AFFIRMED; MOTION TO WITHDRAW GRANTED</td></tr>
<tr><td style="text-align:right">APPELLEES</td><td></td></tr>
</table>

## DAVID M. GLOVER, Judge

Hailey King appeals from the December 29, 2015 order terminating her parental rights to D.K. (d.o.b. 7-15-2014). Her counsel has filed a brief and motion to withdraw pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), contending there are no meritorious issues that could arguably support the appeal. The clerk of our court attempted to notify King of her counsel's actions by sending her a packet containing the motion, the brief, and a letter informing King she had the right to file pro se points for reversal. The packet was sent to King's last known address via certified mail, but attempts to deliver the packet were not successful. No pro se points have been filed.

Counsel's brief contains an abstract and addendum of the trial-court proceedings, discusses the adverse rulings and the evidence supporting the termination of King's parental

rights, and explains why there is no meritorious ground for reversal. We have reviewed the brief and the record in this case and agree there is no basis upon which to advance a meritorious argument for reversal.

We review termination-of-parental-rights cases de novo. *Hune v. Arkansas Dep't of Human Servs.*, 2010 Ark. App. 543. Termination of parental rights is an extreme remedy and in derogation of the natural rights of parents, but parental rights will not be enforced to the detriment or destruction of the health and well-being of the child. *Id.* Grounds for termination of parental rights must be proven by clear and convincing evidence. *Id.* Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Id.* The appellate inquiry is whether the trial court's finding that the disputed fact was proven by clear and convincing evidence is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* The goal of Arkansas Code Annotated section 9-27-341 is to provide permanency in a minor child's life in circumstances in which returning the child to the family home is contrary to the minor's health, safety, or welfare, and the evidence demonstrates that a return to the home cannot be accomplished in a reasonable period of time as viewed from the minor child's perspective. *Id.*; Ark. Code Ann. § 9-27-341(a)(3) (Repl. 2015). Parental rights may be terminated if clear and convincing evidence shows (1) that it is in the child's best interest, and (2) that statutory grounds have been proved. *Hune, supra.*

Here, Hailey and her husband, Kelby, were arrested on June 25, 2015. They had attempted to use a forged prescription to obtain drugs and were fleeing from a pharmacy when they were arrested. They were also under the influence of drugs. The Arkansas Department of Human Services (DHS) exercised a seventy-two-hour hold on D.K., who was eleven months old at the time. At the time of these events, Hailey and Kelby were homeless. The probable-cause hearing was held on June 30, 2015; Hailey did not appear at the hearing; and the trial court found probable cause to remove D.K. from the parents' custody.

D.K. was adjudicated dependent-neglected following a hearing on September 22, 2015, when the trial court found neglect and parental unfitness. The case goal was set as reunification, and a case plan was established. DHS filed a petition for termination on October 9, 2015. The petition alleged several grounds, including aggravated circumstances based on assertions Hailey and Kelby had previously lost custody of another child in Oklahoma, and they had made no efforts to adhere to the case plan in the four months since D.K. had been out of their custody.

The termination hearing was held on December 22, 2015, approximately six months after the case began. DHS presented evidence Hailey had not addressed her drug problems, had not obtained stable housing, income, or transportation, and had attended only seven visits with D.K., which were not meaningful. Hailey did not dispute most of the evidence, other than to testify that she was living with her father-in-law and Kelby in Oklahoma, earning $600 a month for taking care of her father-in-law. She acknowledged, however, that the meth lab resulting in her loss of custody of another child had been located in her

father-in-law's house. She also acknowledged not visiting with D.K. because of continued drug use and lack of housing and transportation.

The paternal grandmother testified she wanted to adopt D.K.; that she had raised D.K.'s brother, K.K., from the time Oklahoma officials had removed him from Hailey and Kelby when he was five months old; and that she did not believe Hailey and her son, Kelby, had made any progress in their stability.

Following the hearing, the trial court granted the petition to terminate, explaining Hailey had been addicted to drugs for almost half her life, she continued to live with Kelby (who wasn't even trying to prevent termination of their parental rights), and both Hailey and Kelby continued to have issues with drugs that they had not made any effort to correct. The termination order from which Hailey brought this appeal found two grounds for termination had been established with clear and convincing evidence: 1) that Hailey had subjected D.K. to "aggravated circumstances, namely that there is little likelihood that service to the family will result in reunification"; and 2) that "other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the juvenile in the custody of the parents is contrary to the juvenile's health, safety or welfare and that despite the offer of appropriate family services, the parents has/have manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parents' circumstances which prevent the placement of the juvenile in the custody of the parents." In addition, the trial court concluded termination of Hailey's parental rights was in D.K.'s best interest, finding D.K. was adoptable, and D.K. would be at risk of potential harm if she were returned to Hailey.

The ultimate adverse ruling was the termination itself. Counsel explains why challenging the termination would not provide a meritorious basis for reversal. We agree.

One ground is sufficient to support the termination of parental rights. *Geatches v. Arkansas Dep't of Human Servs.*, 2016 Ark. App. 344, ____ S.W.3d ____. The trial court found DHS had established two statutory grounds. One of the grounds found by the trial court was that Hailey had subjected D.K. to aggravated circumstances. Aggravated circumstances means, in pertinent part, "[a] juvenile has been abandoned, chronically abused, subjected to extreme or repeated cruelty, sexually abused, or a determination has been or is made by a judge that there is little likelihood that services to the family will result in successful reunification[.]" Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)(*a*)(*3*)(*B*). Here, the trial court determined there was little likelihood that services to the family would result in successful reunification. Hailey had an admitted problem with drug addiction; she refused rehabilitation services offered by DHS; and she would not commit to a time frame within which she would undergo treatment—despite the fact that she requested additional time. She also did not exhibit any meaningful efforts toward visitation with D.K. Because we find no clear error with the trial court's finding on this ground, it is unnecessary to address the second ground.

With respect to the trial court's determination that it was in D.K.'s best interest to terminate Hailey's parental rights, there was testimony from the case worker that there was a substantial likelihood that D.K. would be adopted, and Hailey's continued drug use, instability in her life, and lack of participation in the case plan demonstrated the risk of potential harm.

All but one of the remaining adverse rulings involved evidentiary issues. Counsel has adequately explained why an attempt to reverse on one of those bases would be wholly without merit.

The remaining adverse ruling was the denial of Hailey's motion for a continuance, which was based on her assertion D.K. is an Indian child within the meaning of the Indian Child Welfare Act, entitling the Kiowa Tribe to notice of the proceedings. As explained in counsel's brief, an Indian child is defined as "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe *and* is the biological child of a member of an Indian tribe[.]" (Emphasis added.) 25 U.S.C. section 1903(4). Counsel further explains D.K.'s paternal grandmother, who was an enrolled member of the Kiowa tribe, testified that D.K.'s father, her son, was not eligible for membership in the Kiowa tribe because she was the last generation to satisfy the tribal requirement of at least one-quarter blood. Thus, her son could not be a member of the tribe. She further explained that her son was not enrolled in the Cherokee tribe either, even though he was allowed to receive medical treatment through the Cherokee Nation because she is a registered Indian and is his mother. As noted by counsel, "even if the father were eligible to be enrolled as a Cherokee, that fact is not relevant because the statute requires that he actually be enrolled in order for D.K. to be considered an Indian child." We agree. D.K. is not an Indian child under the Act; consequently, it did not apply. Therefore, the trial court did not err in denying the motion for continuance because notice to an Indian tribe was not required.

SLIP OPINION

We are satisfied counsel has complied with the requirements of *Linker-Flores*, *supra*, and the Rules of the Arkansas Supreme Court and Court of Appeals, and none of the adverse rulings provide a meritorious basis for reversal. We therefore affirm the termination of Hailey's parental rights, and we grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

HARRISON and VAUGHT, JJ., agree.

*Leah Lanford*, Ark. Pub. Defender Comm'n, for appellant,

No response.