

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-17-5

|  |  |  |
|---|---|---|
|  |  | **Opinion Delivered** April 26, 2017 |
| JOEL BUCKLEY | | APPEAL FROM THE WASHINGTON |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 72JV-15-284] |
| V. | | |
| | | HONORABLE STACEY |
| ARKANSAS DEPARTMENT OF | | ZIMMERMAN, JUDGE |
| HUMAN SERVICES and MINOR | | |
| CHILD | | |
| | APPELLEES | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Joel Buckley appeals from the order of the Washington County Circuit Court terminating his parental rights to his son, E.H. (D.O.B. 07/03/13). He argues on appeal that the evidence was insufficient to support the grounds for termination. We affirm.[1]

This case began after Kristen Hall, E.H.'s mother, strangled one of her sons, M.B., in the presence of her other children. As a result, all four of the children were removed from the home on April 4, 2015. They were adjudicated dependent-neglected on May 20, 2015, due to neglect, parental unfitness, and the abuse of M.B. In the September 24, 2015 review order, the trial court found that appellant was incarcerated and had not participated in any services. In the permanency-planning order entered on February 24, 2016, the court found

---

[1] The court also terminated the parental rights of E.H.'s mother, Kristen Hall, but she is not a party in this appeal.

SLIP OPINION

that appellant had been released from prison on parole, but that he had not obtained stable housing or provided proof that he had completed parenting classes. The court granted appellant two one-hour weekly visitations with E.H. The court changed the case's goal to adoption in the fifteen-month permanency-planning order on May 18, 2016, after finding that appellant was not in compliance and was "totally unfit." The order stated in pertinent part:

> Joel Buckley **has not** completed **most of** the court orders and the case plan. He has not contacted DHS since the last court hearing. He has not completed parenting classes. He resides in a hotel and does not have stable housing. He has received another DWI charge since our last court hearing–and pled guilty to that charge. He has attended his visits with [E.H.] only sporadically, and he has not been appropriate in all visits. At a recent visit, Mr. Buckley was acting intoxicated, and he refused an alcohol screen. His voice was elevated and he was stumbling. [E.H.] was present to witness those behaviors. Today, Joel Buckley was drug and alcohol screened. Mr. Buckley admitted drinking 24 ounces of beer this morning and to taking a "pain pill" that was not prescribed to him yesterday. Mr. Buckley is TOTALLY UNFIT today.

> He has made **minimal** progress towards alleviating or mitigating the causes of the juveniles' [sic] removal from the home **and** completing the court orders and requirements of the case plan.

The Arkansas Department of Human Services (DHS) filed a petition to terminate appellant's parental rights on June 14, 2016. It listed three grounds for termination against appellant: (1) the "failure to remedy" ground,[2] (2) the "failure to provide significant material support or to maintain meaningful contact" ground,[3] and (3) the "subsequent other factors or issues" ground.[4] The termination hearing took place on August 31, 2016. At the conclusion of the hearing, the court granted DHS's petition to terminate appellant's parental

---

[2]Ark. Code Ann. § 9–27–341(b)(3)(B)(i)*(a)* (Repl. 2015).

[3]Ark. Code Ann. § 9–27–341(b)(3)(B)(ii)*(a)*.

[4]Ark. Code Ann. § 9–27–341(b)(3)(B)(vii)*(a)*.

rights on all grounds alleged. The termination order was filed on October 14, 2016. Appellant filed a timely notice of appeal on October 25, 2016. This appeal followed.

We review cases involving the termination of parental rights de novo.[5] While we review the factual basis for terminating parental rights under a clearly erroneous standard, no deference is given to the circuit court's decision with regard to errors of law.[6] An order forever terminating parental rights must be based on clear and convincing evidence that termination is in the child's best interest and that a statutory ground for termination exists.[7] Best interest includes consideration of the likelihood that the juvenile will be adopted and the potential harm caused by returning custody of the juvenile to the parent.[8]

The trial court terminated appellant's parental rights based on all three grounds alleged in DHS's petition. However, only one ground must be proved to support termination.[9] In finding that appellant's parental rights should be terminated based on the "subsequent other factors or issues" ground, the court found:

> At the Permanency Planning Hearing, held before this Court on February 24, 2016, the Court found cause to continue the goal of this case, as to [E.H.], as reunification. However, when the parties appeared for the 15 Month Permanency Planning Hearing, and despite parents having been given more time to come into compliance with the case plan and court orders, neither parent was in compliance. At the 15 Month Permanency Planning Hearing, Mother had not complied with most of the case plan and court orders. The Court found Mother was totally unfit. Father likewise had not

---

[5]*Griffin v. Ark. Dep't of Health & Human Servs.*, 95 Ark. App. 322, 236 S.W.3d 570 (2006).

[6]*Id.*

[7]Ark. Code Ann. § 9–27–341(b)(3)(A).

[8]*Donley v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 335.

[9]*Lee v. Ark. Dep't of Human Servs.*, 102 Ark. App. 337, 285 S.W.3d 277 (2008).

complied with most of the case plan and court orders. The Court likewise found that Father was totally unfit. The same remains true today- and both Mother and Joel Buckley are incarcerated today. Additionally, Father was drug and alcohol screened at the 15 Month Permanency Planning Hearing- and Father admitted to drinking 24 ounces of [beer] the Morning of Court and to taking a "pain pill" that was not prescribed to him. Despite the offer of appropriate family services (including foster care, home visits, counseling, transportation assistance, anger management, parenting classes, psychological evaluation, home studies, and caseworker services) neither parent has remedied these subsequent factors and neither parent has demonstrated fitness.

Appellant contends that the evidence was insufficient to support the subsequent factors ground because DHS failed to prove that it provided him with "appropriate family services," which he contends is a necessary element of this ground. More specifically, he argues that DHS failed to offer him any services to address his alleged "issue with alcohol." He does not otherwise challenge the sufficiency of the evidence supporting this ground for termination, nor does he challenge the trial court's best-interest finding. Thus, we need not consider those issues.[10]

Throughout this case, the court found that DHS had made meaningful efforts, and appellant did not appeal any of those findings. We have held that the failure to appeal from the trial court's prior meaningful-efforts findings precludes us from reviewing those adverse rulings.[11] Additionally, appellant failed to present this argument to the trial court during the termination hearing although he had the opportunity to do so. Instead, he asked that the court reconsider a home study of Patsy Rye, which had been denied due to Rye's past with DHS. Thus, he has waived the issue of whether appropriate services were provided by DHS to him. Accordingly, we affirm.

[10] *See Yarbrough v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 429, 501 S.W.3d 839.

[11] *Id.*



Affirmed.

KLAPPENBACH and WHITEAKER, JJ., agree.

*Tina Bowers Lee*, Arkansas Public Defender Commission, for appellant.

*Mary Goff*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor child.

5