WAYMOND M. BROWN, Judge
Jordan Simon appeals the Sebastian County Circuit Court's termination of his parental rights to his children S.S. and L.S. He argues on appeal that (1) the evidence was insufficient for the court to change the case goal to termination of his parental rights where the children were placed in the permanent custody of their mother, Madison Hagene; and (2) the trial court erred by finding that termination of his parental rights was in the children's best interest where no evidence was offered to support the court's adoptability finding and there was a lesser-restrictive option for the children. We reverse and remand.
The Arkansas Department of Human Services (DHS) took a seventy-two-hour hold on the children on June 30, 2016, after learning that appellant had threatened to "shoot the whole place up" while under the influence of drugs and, at one point, pointed a gun at S.S. Although the incident began as a domestic situation between Madison and appellant, Madison did not want a protection order. Therefore, the children were removed due to abuse, neglect, and parental unfitness. An arrest warrant was subsequently issued for appellant for aggravated assault on a family or household member and terroristic threatening. DHS filed a petition for emergency custody and dependency-neglect on July 5, 2016. An ex parte order for emergency custody was filed the same day.
The children were adjudicated dependent-neglected in an order filed on October 18, 2016, due to them being at substantial risk of serious harm when appellant threatened to shoot up the place and pointed a gun at S.S. and based on appellant's methamphetamine use. The court found that Madison "did not fail to protect the [children] and that the [children] are not dependent-neglected due to any act or omission on [her] part." Reunification was set as the case goal. Appellant was ordered to obtain and maintain stable and appropriate housing, income, and transportation; submit to a drug-and-alcohol assessment and complete any recommended treatment; submit to random drug screens and hair-follicle testing at the request of DHS; achieve and maintain total sobriety; submit to a psychological evaluation and comply with the recommendations; complete appropriate domestic-violence classes; and resolve his pending criminal charges and comply with the terms and conditions of any criminal sentences.
The court returned custody of the children to Madison in October 2016. An order reflecting the return was filed on November 1, 2016. In that order, the court found that the case goal was for the children to remain in the custody of Madison, who had complied with the case plan and orders of the court. The court noted that Madison's divorce hearing was scheduled for October 18, 2016, and that a final order of protection was entered in Division II prohibiting contact between Madison and the children *427 with appellant and which remained in effect. The court also found that appellant had "not complied with the case plan or orders of this Court. His whereabouts are unknown at this time.... He did test positive for amphetamines/methamphetamine, THC, hydrocodone, and hydromorphone on July 28, 2016."
DHS filed a petition for the termination of appellant's parental rights on June 28, 2017, alleging several grounds for termination.[1] A permanency-planning order was filed on July 5, 2017. In that order, the court determined that the goal of the case was for the children to remain in Madison's custody, but to terminate appellant's parental rights. The order stated in pertinent part:
8. The Court finds that the father has not complied with the case plan and the orders of this Court. The father was transported for today's hearing from the Sebastian County Jail where he has been incarcerated since January 26, 2017. Prior to his incarceration, he did not maintain stable or appropriate housing and did not have employment or any source of income. The father was scheduled to complete his psychological evaluation on March 28, 2017 but he did not do so. He has not completed a drug and alcohol assessment or domestic violence classes. He did not submit to a hair follicle test and has not been available for random drug screens. The father reports that he last used drugs in January 2017 when he went to jail. He has acquired additional criminal charges during the pendency of this case. The father has not resolved his legal issues and charges of aggravated assault, terroristic threatening, and possession of drug paraphernalia are currently pending. He hopes to participate in Veterans Court but if he is unable to do so, he is facing two years in prison. The father reports that he has been participating in AA/NA meetings and anger management. The father has had indirect contact with the juveniles through his mother in violation of the conditions of his bond and the order of protection.
The court noted that the no-contact order in appellant's criminal case remained in effect.
The termination hearing took place on September 25, 2017. The court filed an order terminating appellant's parental rights on November 6, 2017.[2] The court found that the termination of appellant's parental rights was in the children's best interest. It specifically found that the children were adoptable and that they would be subjected to potential harm if returned to appellant's custody. Appellant filed a timely notice of appeal on November 27, 2017, appealing the termination order as well as the permanency-planning order.
An order forever terminating parental rights must be based on clear and convincing evidence that termination is in the children's best interest and a statutory ground for termination exists.[3] Best interest includes consideration of the likelihood *428 that the children will be adopted and the potential harm caused by returning custody of the children to the parent.[4] We review cases involving the termination of parental rights de novo.[5] We will not reverse an order terminating parental rights unless the court's findings are clearly erroneous.[6]
We first address the sufficiency of the termination order, even though it is listed as appellant's second point on appeal. Appellant contends that the trial court erred by finding that termination of his parental rights was in the children's best interest where no evidence was offered to support the court's adoptability finding and there was a lesser-restrictive option for the children. At the conclusion of the termination hearing, DHS asked the trial court to make a finding that the issue of adoptability was "legally insignificant in this case." However, the court instead found that the children were adoptable and that Madison could do a single-parent adoption. In support of his argument that this error warrants reversal, appellant cites Lively v. Arkansas Department of Human Services .[7] In Lively , our court reversed and remanded the termination of Lively's parental rights to his children because the trial court erroneously found that the children were adoptable although there was no evidence of adoptability and there was no evidence that the children would ever be put up for adoption since they were in the permanent custody of their mother. The trial court is required to demonstrate that it considered the evidence presented regarding the children's adoptability, or the court must make a finding that the children's adoptability makes no legal difference.[8] In situations such as this one, the court could have found that adoptability made no legal difference and analyzed the children's best interest based upon other factors.[9] Thus, it was error for the court to find that the children were adoptable because there was no evidence of adoptability in the record, and there was no finding that this absence of evidence of adoptability made "no legal difference" to the ultimate decision of what was in the children's best interest.[10] The trial court's finding on adoptability was clearly erroneous as was its reliance on that finding in concluding that termination was in the children's best interest. Therefore, we reverse and remand for consideration of the appropriate evidence.
Reversed and remanded.
Gruber, C.J., and Harrison, J., agree.

(1) Failure to remedy, (2) subsequent factors, (3) sentenced in a criminal proceeding for a period of time which would constitute a substantial period of the children's lives, and (4) aggravated circumstances.

The grounds relied on by the court to support termination were (1) failure to remedy, (2) failure to provide material support or to maintain meaningful contact with the children, and (3) aggravated circumstances. There is no evidence that DHS pled the second ground relied on by the court to terminate appellant's parental rights; however, appellant does not challenge the grounds for termination.

Ark. Code Ann. § 9-27-341(b)(3)(A) and (B) (Supp. 2017).

Donley v. Ark. Dep't of Human Servs. , 2014 Ark. App. 335, 2014 WL 2443031.

Griffin v. Ark. Dep't of Health & Human Servs. , 95 Ark. App. 322, 236 S.W.3d 570 (2006).

Hayes v. Ark. Dep't of Human Servs. , 2011 Ark. App. 21, 2011 WL 135198.

2015 Ark. App. 131, 456 S.W.3d 383.

Brown v. Ark. Dep't of Human Servs. , 2015 Ark. App. 725, 478 S.W.3d 272.

See Lively , supra .

Brown , supra .